[Civ. No. 1556. First Appellate District.—September 25, 1915.]

JOHN JASPER, Respondent, v. RICHARD S. PRESLEY et al., Defendants; WOODWARD INVESTMENT COMPANY (a Corporation), Appellant.

CONTRACTS—HOTEL FURNISHINGS — VOID SALE OF — VALIDITY OF MORTGAGE UPON.—Where a party in possession of a hotel and the personal property contained therein, under a written agreement with the owner, entered into another agreement with the latter, wherein he agreed to purchase certain additional furnishings for the hotel, the owner agreeing to purchase them in turn from the latter when he should be in a position to display receipted bills for the same, which additional furnishings were purchased and a bill of sale executed therefor, but not being accompanied by an immediate or any delivery, the purchaser remaining in actual and exclusive possession thereof, and during this period executing a chattel mortgage upon the additional furnishings to secure his promissory note, under the facts, the chattel mortgage was valid, as the purported sale by the mortgagor to the owner of the hotel was void under section 3440 of the Civil Code.

ID.—EXECUTORY CONTRACT—FAILURE TO PERFORM CONDITIONS.—Where the contract expressly stated that there should be no sale of the goods until such time as the seller should exhibit to the purchaser a receipted bill or a number of receipted bills for the same, the contract was an executory agreement to sell, and not an executed sale, conditional or otherwise; and it was not the intention of the parties that the additional furnishings as they were purchased should, piece by piece or lot by lot, become the property of the owner of the hotel; and where the receipts were never presented, the property did not vest in the latter.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

Joseph E. Bien, Abram M. Marks, and Leslie L. Jacobs, for Appellant.

Jeremiah F. Sullivan and Theo. J. Roche, for Respondent.

LENNON, P. J.—This is an appeal from a judgment and from an order denying a new trial.

The action was brought to foreclose a chattel mortgage executed by the defendant Presley on January 3, 1912, on personal property situate in the Empire Hotel in the city and county of San Francisco. The appellant was made defendant in the action under allegations in the complaint to the effect that it claimed some interest in the mortgaged property. The facts of the case pertinent to the point presented here briefly are these: On the seventeenth day of April, 1911, the appellant was the owner of all the personal property then contained in the Empire Hotel. On that date, the defendant, Presley, entered into possession of the Empire Hotel and the personal property contained therein, under a written agreement· with the appellant, and continued in its actual and exclusive possession thence until the twelfth day of August, 1912, or thereabouts; and by the terms of another agreement entered into on the same date, Presley agreed with the appellant to purchase certain additional furnishings for the hotel to the value of three thousand five hundred dollars, the appellant agreeing to purchase them in turn from the defendant, Presley, when the latter was in a position to display to the appellant the receipted bills for the same. Presley, pursuant to this second agreement, did purchase from time to time additional furnishings to the value of three thousand five hundred dollars; and on the twenty-first day of November, 1911, sold them to appellant. This sale was not accompanied by an immediate delivery or any delivery, and was not followed by any actual or continued change of possession. It was accomplished merely by the execution of a bill of sale. Presley continued in the actual and exclusive

possession of this property thus transferred from the date of the transfer until the twelfth day of August, 1912, or thereabouts, and was in such possession on the third day of January, 1912, the date upon which he executed and delivered a promissory note and mortgage upon the additional furnishings hereinbefore mentioned to the plaintiff. No other furnishings contained in the Empire Hotel at any time are involved in this action. The additional furnishings purchased by Presley alone are concerned.

From these facts the trial court concluded that the plaintiff was entitled to judgment foreclosing its chattel mortgage. The appellant based its defense to the action upon the ground that Presley was not the owner of the mortgaged property at the time that the mortgage was executed, but that, on the contrary, the property was owned by and in the possession of the appellant long prior to that time. The trial court, however, found that Presley, and not the appellant, was in the possession of the said property on the date of the execution of the mortgage, and was in the possession of it from the time of its original purchase until August 12, 1912. For this reason it was held, pursuant to the terms of section 3440 of the Civil Code, that the transfer not being accompanied by an immediate delivery or any delivery, and not being followed by a change of possession, was presumed to be fraudulent, and therefore void, as against creditors. The appellant now contends that a change of possession was not required to complete the transfer, and that therefore it was not affected by the provisions of section 3440 of the Civil Code. This contention is based upon the claim that the agreement between Presley and the appellant was a conditional sale from Presley to the appellant which was consummated upon Presley's acquisition of the goods, and that therefore all right, title, and interest in and to the goods were vested in the appellant from the moment of Presley's purchase, regardless of whether or not there was an immediate delivery, and an actual and continued change of possession. Were this contention supported by the evidence, it might follow as a matter of law that Presley never obtained such a possession of the property as to necessitate, upon the sale to appellant, a compliance with the provisions of the code section mentioned. But a careful reading of the agreement entered into by

Presley with the appellant convinces us that it was merely an executory agreement to sell, and not an executed sale, conditional or otherwise; and that it never was the intention of either of the parties to that agreement that the additional furnishings as they were purchased by Presley should piece by piece or lot by lot become the property of the appellant. It is expressly stated in the agreement that there should be no sale of the goods until such time as the defendant Presley should exhibit to the appellant a receipted bill or a number of receipted bills for the same. We quote from the agreement: "When said furnishings shall have been placed upon said premises by said party of the second part (Presley), and receipted bills therefor produced to the party of the first part (appellant) the party of the second part agrees, in consideration of the sum of ten dollars, and in consideration of the making of the lease of said premises by the party of the first part to the party of the second part, to sell, transfer, convey and set over by a bill of sale to the party of the first part, the additional furnishings so to be purchased and placed upon said premises by the party of the second part." Obviously the agreement, neither expressly nor impliedly, shows an intention to transfer the furnishings piece-meal; and obviously there is no intention to sell the goods before they were bought by Presley. The language is so clear that it cannot be misconstrued. If, however, after every purchase made by Presley, he had presented to the appellant his receipt for the goods, and executed a bill of sale for them to the appellant, it might be possible to argue, in the face of the agreement, that the property did become the appellant's piece by piece and lot by lot; or even that all right, title, and interest in and to the property became vested in the appellant from the date of the agreement to sell. Such a possibility is obviated, however, by the fact that there was no presentation of receipts and no transfer by a bill of sale until November 21, 1911. Basing its reasoning on the assumption that the contention just considered is correct, the appellant further argues that since the sale was made on April 17, 1911, and the subject-matter thereof not brought by Presley until subsequently, the property was not in existence at the time of the agreement of sale, and the sale, therefore, does not come under the provisions of section 3440 of the Civil

Code. This is merely a modification of the previous contention; and the answer to it, we think, may be found in the wording of the agreement above quoted.

The judgment and the order appealed from are affirmed.

Kerrigan, J., and Richards, J., concurred.